MILLER PASTEURIZING MACH. CO. v. RICH.

(Circuit Court of Appeals, Second Circuit.   April 10, 1917.)

No. 197.

PATENTS ⬅==328—VALIDITY AND INFRINGEMENT—ICE CREAM FREEZER.

An order granting an injunction against infringement of the Hoefler and Schantz patent, No. 921,837, claim 2, for an ice cream freezer, reversed, on the ground that, after full hearing, the claim had since been held void by the Circuit Court of Appeals of another circuit.

Appeal from the District Court of the United States for the Western District of New York.

Suit in equity by the Miller Pasteurizing Machine Company against Paul J. Rich.   From an order (216 Fed. 192) granting an injunction, defendant appeals.   Reversed.

This is an appeal by the defendant from an order granting an injunction restraining the defendant from infringing claim 2 of patent No. 921,837.   The order suspended the issuing of the injunction until after the decision of this court.

Henry D. Williams and William S. Pritchard, both of New York City, for appellant.

Edward R. Alexander, of Washington, D. C., for appellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge.   We think the order holding that Exhibits A to E inclusive infringe claim 2 of the patent and granting an injunction should be reversed for the following reasons:

First. Claim 2 is for a combination having a large number of elements.   The validity of the claim is questioned by the defendant and we are not convinced that the claim can be sustained.

Second. Infringement is denied by the defendant both as to his original and present construction and the questions thus presented are vital and deserve serious attention.

Third. The Circuit Court of Appeals for the Third Circuit has, since the decision of the District Court in the present case, handed down a decision holding that the patent in suit is invalid.   The District Judge of the Middle District of Pennsylvania had followed the decision in this case and his decision was reversed by the Circuit Court of Appeals.   A copy of this opinion has been handed us, as it was decided at the October term of the court and has not yet been printed in the reports.

Referring to the claim in question Judge McPherson says:

"With one exception all the elements named in this narrow and specific claim are old in the art' (see patents to Miller, to Walker, and to Thompson); and the new element—namely, the swinging joint with axial and radial pas-

sages—is an old and well-known device, altho it had not as yet been used in the construction of freezers. Evidently therefore the claim is for a combination or a subcombination of old elements, and in such a situation the rule is, that while the combination may still be patentable a patent should only be granted if the old elements have been so combined as to operate in a new way or to produce a new and useful result. Tried by this established test, we think the claim in suit cannot be upheld. Every element therein described operates in the same way as before, and, while the result is not precisely the same, the difference is so slight that we do not feel justified in pronouncing the machine either new or useful in a patentable sense. So far as appears, the chief, if not the only, advantage in the construction lies in the fact, that when the scraping knives need sharpening—and they need it only about once a week—they are more accessible and can probably be removed more conveniently from a machine that tilts than from a machine that is fixed in place. In other respects we do not see that the patent affects the usual operation of a freezer in any degree that needs attention. The brine flows in the same way and by the same course; the mixture to be frozen is the same and is subjected to the same cold; it is removed in the same way, and its quantity and quality are apparently what they were before. Neither is the patented combination used even in the frequent cleaning of the freezer; this is accomplished by an old method, which requires no tilting of the can. In short the evidence discloses nothing more than this: the product is unchanged, and so is the mode of operation, except that the tilting of the freezer permits the knives to be taken out somewhat more rapidly and conveniently."

We are clearly of the opinion that a claim which has been held invalid by a court of co-ordinate jurisdiction should not be held valid by this court and especially so upon an appeal from an order for a supplementary injunction. To say the least, the validity of the claim is in doubt and an injunction should not issue in a doubtful case.

The order is reversed.